# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF MARYLAND

CARA FRYE      *

v.      *     Civil No. CCB-18-3286

MARYLAND DEPARTMENT OF      *
TRANSPORTATION, *et al.*

\*\*\*\*\*\*\*\*\*\*\*\*

## MEMORANDUM

The plaintiff Cara Frye filed suit in Anne Arundel County Circuit Court alleging that her former employer, the Maryland Department of Transportation ("MDOT") had violated the protections of the Family and Medical Leave Act ("FMLA"), 29 U.S.C. §§ 2612 *et seq.*, specifically the FMLA's "self-care" provisions, 29 U.S.C. § 2612(a)(1)(D). MDOT, an agency of the State of Maryland, removed the case to federal court on the basis of federal question jurisdiction and filed a motion to dismiss based on sovereign and 11th Amendment immunity.[1] (ECF No. 3). Frye filed a motion to remand the case to state court. (ECF No. 4). Both motions have been briefed fully, and no oral argument is necessary. For the reasons set forth below, the motion to remand will be denied and the motion to dismiss will be granted.

The Supreme Court has decided that the FMLA's self-care provision did not validly abrogate a state's sovereign immunity. *Coleman v. Court of Appeals of Md.*, 566 U.S. 30, 37 (2012). To bring this suit, therefore, Frye must show that the State of Maryland itself waived sovereign immunity for a claim under the FMLA. Frye has not done so.

Frye first appears to argue that by removing the case to federal court, MDOT waived its immunity, citing *Lapides v. Board of Regents*, 535 U.S. 613 (2002). But in that case, the State had by statute waived its sovereign immunity from a state tort law suit against it in its own courts. Voluntary removal to federal court then waived the state's Eleventh Amendment immunity. *Id.* at 620. Here, unless Maryland has waived sovereign immunity in its own courts for an FMLA self-care claim, the

---

[1] Sovereign immunity applies to claims against MDOT, absent abrogation by Congress or consent by the State. *McCray v. Md. Dept. of Transp.*, 741 F.3d 480, 483 (4th Cir. 2014).

removal to federal court simply permits MDOT to ask that its defense of sovereign immunity be resolved in federal rather than state court. *See Stewart v. North Carolina*, 393 F.3d 484, 490 (4th Cir. 2005).

Second, Frye argues that the state waived its sovereign immunity to employment discrimination claims by passing the Maryland Tort Claims Act ("MTCA"), which provides that "the immunity of the State and of its units is waived as to a tort action, in a court of the State." MD. CODE ANN., State Gov't § 12-104(a)(1).[2] This seems unlikely. Maryland has passed its own set of employment discrimination laws, the Fair Employment Practices Act ("FEPA"), S.G. § 20-601 *et seq.*, and has enacted a specific waiver of immunity for those claims. The FEPA precludes the state from raising "sovereign immunity as a defense against an award in an employment discrimination case under this title." S. G. § 20-903. A claim under the FMLA is of course not a claim under the FEPA.

Frye is correct that the notice provision of the MTCA has been found to apply to employment discrimination claims against the state, even though the MTCA refers only to tort claims. *Royster v. Gahler*, 154 F. Supp. 3d 206, 220 (D. Md. 2016), *abrogated on other grounds by Pense v. Maryland*, -- F.3d ----, No. 18-1554, 2019 WL 2426174 (4th Cir. 2019). But that case involved claims under the FEPA as to which the state had waived sovereign immunity under S. G. § 20-903; the court did not rely on the MTCA as a waiver provision.

Frye has proffered no state law or applicable judicial opinion suggesting that the State of Maryland has waived its sovereign immunity to suit under the self-care provision of the FMLA. Accordingly, her claim must be dismissed. A separate order follows.

6/24/19
Date

*/s/ CCB*
Catherine C. Blake
United States District Judge

---

[2] Frye asserts in her complaint that she satisfied the notice requirements of the MTCA. ECF 1-1 at ¶ 24.